UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IN RE:

BVM CORAL LANDING, LLC                  CASE NO. 8:22-bk-00346
                                                                      Chapter 11

    Debtor.

_____/

## DEBTOR'S CHAPTER 11 CASE MANAGEMENT SUMMARY

Debtor, BVM CORAL LANDING, LLC ("Debtor" or "Coral Landing"), by and through its undersigned counsel and pursuant to Administrative Order TPA-2005-2, hereby files this Chapter 11 Case Management Summary (the "Summary"). Accordingly, the Debtor summarizes the case as follows:

### Introduction

On January 28, 2022 (the "Petition Date"), the Debtor filed a Voluntary Petition for Relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). The Debtor will seek to successfully reorganize its financial affairs through a confirmed Chapter 11 Plan.

### Case Management Items

1. **Description of the Debtor's Business**

The Debtor operates a 58-bed/49-unit assisted living and memory care facility known as Coral Landing located at 2820 Old Moultrie Road in St. Augustine, Florida since 2014. The Debtor's average census is 46 residents. The Debtor is licensed up to 60 beds within its 49 units. Many of the Debtor's residents and/or their families are willing to pay extra for a private room which resulted in several double occupancy rooms being converted to private rooms which takes a licensed bed out of service. The Debtor will reach full capacity with 58 beds.

At all times herein, the Debtor has been in compliance with all healthcare requirements such as those imposed by the Agency for Healthcare Administration ("AHCA"). Patient care has always been a priority for the Debtor and will remain so during the Chapter 11 case. The Debtor is in compliance with all patient care requirements and there have been no patient care deficiencies. Any allegations by CPIF Lending, LLC ("CPIF") or US Bank National Association ("US Bank") concerning patient care deficiencies are disputed and Debtor would demand evidence to support such a baseless allegation.

2. **Location of Debtor's Operations and Whether Leased or Owned**

The Debtor's principal place of business is located at 2820 Old Moultrie Road in St. Augustine, Florida. The Debtor owns the real property from which it operates its business.

3. **Reasons for Filing Chapter 11**

Pre-petition, Coral Landing and an affiliated Debtor, BVM The Bridges, LLC ("The Bridges"), became indebted to CPIF Lending and US Bank, in their separate capacities as Bond Trustee and Master Trustee in the amount of approximately $23,247,892.30 in connection with a note, mortgage and security agreement against Coral Landing's real property located at 2820 Old Moultrie Road in St. Augustine, Florida ("Coral Landing Property") and The Bridges real property located at 11202 Dewhurst Drive in Riverview, Florida 33578 ("The Bridges Property"). The mortgage secures indebtedness as evidenced by obligations issued under the Master Trust Indenture and Bond Trust Indenture dated as of July 1, 2014. The indebtedness is cross collateralized between The Bridges Property and Coral Landing Property.

Prior to filing, CPIF and US Bank commenced foreclosure actions in the 13th Judicial Circuit for Hillsborough County, Florida and the 7th Judicial Circuit for St. Johns County, Florida

seeking to foreclose on the note and mortgage relating to The Bridges Property and Coral Landing Property.

CPIF also filed a motion to appoint a receiver. In The Bridges foreclosure case, the State Court entered an Order Appointing a Receiver on January 27, 2022. In the Coral Landing foreclosure case, the State Court has not yet set a hearing or ruled on the appointment of a receiver. The Debtors believe the appointment of a receiver would be detrimental to the staff, resident population and the going concern value of the Debtor's business and other assets. Therefore, a Chapter 11 filing would preserve the value of the Debtors' estates until either an orderly sale of the Debtors' assets can occur or a reorganization occurs.

4. **List of Officers and Directors and Their Salaries and Benefits at Time of Filing and During the One Year Prior to Filing**

  A. US Lifestyles, LLC ("US Lifestyles") is a Member of the Debtor owning 45% interest in the Debtor. Under the terms of the Operating Agreement US Lifestyles is entitled to receive distributions of surplus cash, if any, from the Debtor. The Debtor has not had any surplus cash to distribute to is members over the last twelve months prior to the Petition Date.

  B. IMH Healthcare, LLC ("IMH") is a Member of the Debtor owning 30% interest in the Debtor. Under the terms of the Operating Agreement IMH is entitled to receive distributions of surplus cash, if any, from the Debtor. The Debtor has not had any surplus cash to distribute to is members over the last twelve months prior to the Petition Date.

  C. Venice Avenue Investors, LLC ("Venice Avenue") is a Member of the Debtor owning 15% interest in the Debtor. Under the terms of the Operating Agreement

Venice Avenue is entitled to receive distributions of surplus cash, if any, from the Debtor. The Debtor has not had any surplus cash to distribute to is members over the last twelve months prior to the Petition Date.

        D.      BVM Management, Inc. ("BVM Management") is a Member of the Debtor owning 10% interest in the Debtor. Under the terms of the Operating Agreement BVM Management is entitled to receive distributions of surplus cash, if any, from the Debtor. The Debtor has not had any surplus cash to distribute to is members over the last twelve months prior to the Petition Date.

        E.      John Bartle is the President of the Debtor and does not have any ownership interest in the Debtor. Mr. Bartle does not receive any income or distributions from the Debtor.

        F.      Edward Fodrea is the Secretary of the Debtor and does not have any ownership interest in the Debtor. Mr. Fodrea does not receive any income or distributions from the Debtor.

        G.      Fred Taylor is a Director of the Debtor and does not have any ownership interest in the Debtor. Mr. Taylor does not receive any income or distributions from the Debtor.

**5.**      **Debtor's Annual Gross Income**

The Debtor's total gross income in 2020 is approximately $1,302,935.00. The Debtor's total gross income in 2021 is approximately $1,245,738.38. The year-to-date gross income from January 1, 2022 through the filing date is approximately $77,206.66.

**6.**      **Amounts Owed to Various Classes of Creditors**

        A.      Secured creditors and their collateral.

      i.      CPIF Lending, LLC and US Bank National Association, in their separate capacities as Bond Trustee and Master Trustee are owed approximately $23,247,892.30 in connection with a note, mortgage and security agreement against real property located at 11202 Dewhurst Drive in Riverview, Florida 33578. Each of these creditors are undersecured. The mortgage secures indebtedness as evidenced by obligations issued under the Master Trust Indenture and Bond Trust Indenture dated as of July 1, 2014. The indebtedness associated with this mortgage claim is cross collateralized with the real property owned by the Debtor's affiliate, BVM The Bridges, LLC, located at 11020 Dewhurst Road in Riverview, Florida.

      ii.      The St. Johns County Tax collector is owed approximately $34,818.76 for the 2021 real estate taxes in connection with 2820 Old Moultrie Road in St. Augustine, Florida.

      iii.      The St. Johns County Tax collector is also owed approximately $1,371.84 for the 2021 tangible property taxes in connection with the Debtor's personal property.

      iii.      The Internal Revenue Service ("IRS") is owed approximately $805,468.78 in connection with tax liens recorded on August 26, 2019 for unpaid 940/941 taxes between the years 2014 and 2017. The tax liens also include an additional $39,791.01 in connection with unpaid 6721 tax penalty for tax year 2015 for an untimely or incorrect information return. The IRS appears to be wholly unsecured.

B.      Priority Unsecured Creditors. The Debtor does not have any priority unsecured creditors.

      C.      The Debtor estimates that the total amount owed to the general unsecured creditors is approximately $19,286,362.00.  The general unsecured creditors are comprised of trade vendors, the unsecured claim of CPIF/US Bank, and the IRS (to the extent that the amounts owed to CPIF/US Bank and the IRS exceed the value of the collateral securing their respective liens).

7. **General Description and Approximate Value of the Debtors' Current and Fixed Assets**

      A.      Cash in the bank account is approximately $2,083.60.

      B.      Accounts receivable is approximately $27,555.98.

      C.      Utility security deposits estimated total $8,000.00.

      D.      FF&E which is comprised office furniture and equipment and medical equipment is approximately $20,000.00.

      E.      Internet domain name and website is approximately $2,000.00.

8. **Number of Employees and Amount of Wages Owed as of Petition Date**

The Debtor has 30 employees, which includes 9 part time employees and 21 full time employees.  Payroll does not include any corporate officers or members.  Payroll historically has been made on a bi-weekly basis.  The Debtor's average monthly payroll, inclusive of payroll taxes, withholding and the like is approximately $33,837.27, which amount does not include the salaries of any of the corporate officers or members.  The next payroll is due **February 4, 2022**.

9. **Status of Debtor's Payroll and Sales Tax Obligations**

The Debtor has outstanding payroll tax obligations owed to the IRS in the amount of approximately $805,468.78 for tax years 2014-2017.

10. **Anticipated Relief Requested**

Debtor will file its Application to Employ Counsel for the Debtor, an Emergency Motion for Authority to Use Cash Collateral, an Emergency Motion to Pay Prepetition Payroll related claims, a Motion for Court Order Appointing a Patient Care Ombudsman, a Motion to Consolidate this case with the Chapter 11 Case of BVM The Bridges, LLC and a Motion for Mediation. Debtor shall also file a 363 Motion to sell and motion to approve either a lease or occupancy agreement with Pallardy as well as a Chapter 11 Plan.

**WHEREFORE**, the Debtor respectfully submits this as its Case Management Summary.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Case Management Summary has been furnished either by the Court's CM/ECF system or by regular U. S. Mail to the **U.S. States Trustee**, 501 East Polk Street, Suite 1200, Tampa, Florida 33602; to all registered CM/ECF participants in this case on January 28, 2022.

JOHNSON, POPE, BOKOR,
RUPPEL & BURNS, LLP

/s/ Alberto F. Gomez, Jr.
Alberto F. Gomez, Jr. (FBN: 784486)
401 E. Jackson Street, Ste. 3100
Tampa, FL 33601-1100
Telephone: 813-225-2500
Facsimile: 813-223-7118
Email: Al@jpfirm.com
Attorneys for Debtor