ORDERED.

Dated: April 06, 2023

_Caryl E. Delano_
Caryl E. Delano
Chief United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

In re:

BVM CORAL LANDING, LLC,    Case No. 8:22-bk-00346-CED
                          Chapter 11
    Debtor.
_____/

**ORDER GRANTING DEBTOR'S MOTION TO DISMISS CHAPTER 11 CASE AND AUTHORIZING PAYMENT OF ADMINISTRATIVE EXPENSE CLAIMS**

THIS CASE came before the Court for hearing on March 27, 2023 (the "**Hearing**") for consideration of the *Debtor's Motion for Entry of Orders (I) Dismissing Chapter 11 Case, (II) Authorizing Distributions to Allowed Administrative Expense Claimants, and (III) Granting Related Relief* (the "**Motion**") (Doc. No. 95).

The Court finds that it has subject matter jurisdiction to hear and determine the Motion and to grant the relief requested under 28 U.S.C. §§ 157 and 1334, that consideration of the Motion is a core proceeding under 28 U.S.C. § 157(b), and that venue is properly before this Court under 28 U.S.C. §§ 1408 and 1409. Further, the Court finds that due and sufficient notice of the Motion, and all hearings related thereto was provided, that such notice was adequate and appropriate in the current circumstances as contemplated by the Bankruptcy Code, the Bankruptcy Rules, the Local Rules of this Court, and that no other or further notice is necessary.

The Court, having considered contents of the Motion, the record, and the statements of counsel at the Hearing, finds that the Motion is well taken and should be granted. Accordingly, for the reasons stated orally and recorded in open court that shall constitute the decisions of this Court, it is:

**ORDERED**:

1. The Motion is granted subject to the terms of this Order.

2. Pursuant to 11 U.S.C. §§ 1112(b) and 305(a) of the Bankruptcy Code, the Chapter 11 case of BVM Coral Landing, LLC is hereby dismissed effective as of the date of entry of this Order.

3. Notwithstanding anything to the contrary, including, without limitation, 11 U.S.C. § 349, all prior orders, releases, stipulations, settlements, rulings, orders and judgments of this Court made during the court of this case, including, without limitation, the order on the Escrow Deposit Motion, shall remain in full force and effect, shall be unaffected by the dismissal of this case, are specifically preserved for purposes of finality of judgment and *res judicata* unless expressly amended or overruled by a subsequent stipulation, settlement, order or judgment of this Court, as applicable, and this Court retains and reserves jurisdiction to enforce the same.

4. To the extent applicable, the 14-day stay to the effectiveness of this Order provided by Rule 6004(h) of the Federal Rules of Bankruptcy Procedure is waived and this Order shall be effective and enforceable immediately upon entry.

5. The Debtor is required to pay any outstanding court fees, costs and charges, assessed under chapter 123, title 28, United States Code, if any, and file any outstanding operating reports, if any, in connection with this case within 14 days of the entry of this Order.

6. The Debtor is authorized to take any and all actions necessary to effectuate the relief granted pursuant to this Order and as set forth in the Motion, including but not limited to the payment of the following administrative expense claims from the Escrow Deposit[1]:

   a. Debtor's counsel, Johnson Pope Bokor Ruppel & Burns, LLP in the amount of $49,040.00.

   b. Debtor's broker, Grandbridge Real Estate Capital, LLC in the amount of $16,000.00.

   c. United States Trustee in the amount of approximately $3,800.00[2] for quarterly fees.

7. The remaining funds from the Escrow Deposit, as well as the Adequate Protection Payments, shall be disbursed solely in accordance with the terms of the Indenture.

8. The funds in the Debtor's DIP Account[3] shall be disbursed solely in accordance with the terms of the Indenture.

9. Notwithstanding the dismissal of the Debtor's case, this Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the implementation, interpretation, or enforcement of this or the Escrow Motion Order entered in this case.

10. The Debtor stipulates to the Final Judgment of Foreclosure (attached hereto as **Exhibit A**) in the Foreclosure Action and stipulates that CPIF and US Bank may submit the Final Judgment in the Foreclosure Action in their discretion.

11. The Debtor hereby releases and forever discharges CPIF, and its past and present agents, employees, representatives, officers, directors, shareholders, attorneys, accountants,

---

[1] All capitalized terms herein not already defined shall have the same meaning ascribed to them in the Motion. For clarification, the Debtor shall be making the payments referenced in Paragraphs 6, 7 and 8, and the receiver for the Debtor shall have no responsibility for making said payments.
[2] The amount for the US Trustee fees is an estimate and subject to final verification.
[3] As of February 27, 2023 the DIP Account had approximately $132,086.34 on deposit. The balance in the DIP Account will vary from day to day as additional revenues are deposited and additional expenses are incurred.

insurers, receivers, advisors, consultants, partners, partnerships, parents, divisions, subsidiaries, affiliates, assigns, successors, heirs, predecessors in interest, joint ventures, and commonly-controlled corporations from all liabilities, causes of action, charges, complaints, suits, claims, obligations, costs, losses, damages, rights, judgments, attorneys' fees, expenses, bonds, bills, penalties, fines, and all other legal responsibilities of any form whatsoever whether known or unknown, whether presently existing or arising in the future, whether suspected or unsuspected, whether fixed or contingent, including those arising under any theory of law, whether common, constitutional, statutory or other of any jurisdiction, foreign or domestic, whether known or unknown, whether presently existing or arising in the future, whether in law or in equity, which it has or may claim to have against any of them, including, without limitation, those arising out of or relating to this bankruptcy case.

12.     The Debtor hereby releases and forever discharges US Bank, and its past and present agents, employees, representatives, officers, directors, shareholders, attorneys, accountants, insurers, receivers, advisors, consultants, partners, partnerships, parents, divisions, subsidiaries, affiliates, assigns, successors, heirs, predecessors in interest, joint ventures, and commonly-controlled corporations from all liabilities, causes of action, charges, complaints, suits, claims, obligations, costs, losses, damages, rights, judgments, attorneys' fees, expenses, bonds, bills, penalties, fines, and all other legal responsibilities of any form whatsoever whether known or unknown, whether presently existing or arising in the future, whether suspected or unsuspected, whether fixed or contingent, including those arising under any theory of law, whether common, constitutional, statutory or other of any jurisdiction, foreign or domestic, whether known or unknown, whether presently existing or arising in the future, whether in law or in equity, which it

has or may claim to have against any of them, including, without limitation, those arising out of or relating to this bankruptcy case.

13. The Non-Debtor Releasing Parties hereby release and forever discharge CPIF and US Bank, and their past and present agents, employees, representatives, officers, directors, shareholders, attorneys, accountants, insurers, receivers, advisors, consultants, partners, partnerships, parents, divisions, subsidiaries, affiliates, assigns, successors, heirs, predecessors in interest, joint ventures, and commonly-controlled corporations from all liabilities, causes of action, charges, complaints, suits, claims, obligations, costs, losses, damages, rights, judgments, attorneys' fees, expenses, bonds, bills, penalties, fines, and all other legal responsibilities of any form whatsoever whether known or unknown, whether presently existing or arising in the future, whether suspected or unsuspected, whether fixed or contingent, including those arising under any theory of law, whether common, constitutional, statutory or other of any jurisdiction, foreign or domestic, whether known or unknown, whether presently existing or arising in the future, whether in law or in equity, which they have or may claim to have against any of them, including, without limitation, those arising out of or relating to this bankruptcy case; provided, however, that if CPIF and US Bank seek affirmative relief against the Non-Debtor Releasing Parties, the general releases shall be null and void and shall not preclude the Non-Debtor Releasing Parties from asserting any defenses and counterclaims, or seeking other related relief, against CPIF and US Bank

14. The automatic stay is hereby terminated. All unresolved motions, if any, are denied as moot. All court hearings or scheduling conferences, if any, are cancelled.

15. The Debtor shall not receive a discharge.

16. All creditors and parties in interest in this case shall have an opportunity to file an objection to the terms of this Order no later than May 1, 2023.

17. In the event that a timely objection is filed, the objection shall be heard on May 8, 2023 at 2:30 P.M. Absent a timely filed objection, this Order shall be final.

Attorney Alberto F. Gomez, Jr., Esq. is directed to serve a copy of this order on interested parties who do not receive service via the Court's CM/ECF system and file a proof of service within three (3) days of entry of this order.

|  |  |
|---|---|
| CPIF LENDING LLC, a Washington limited liability company; and U.S. BANK NATIONAL ASSOCIATION, as Trustee,<br><br>Plaintiffs,<br><br>vs.<br><br>BVM THE BRIDGES, LLC, a Florida limited liability company; BVM CORAL LANDING, LLC, a Florida limited liability company; BVM MANAGEMENT INC., an Indiana corporation; and UNKNOWN TENANTS IN POSSESSION,<br><br>Defendants. | : IN THE CIRCUIT COURT OF THE 7TH<br>: JUDICIAL CIRCUIT IN AND FOR ST.<br>: JOHNS COUNTY, FLORIDA.<br>:<br>:<br>: CIRCUIT CIVIL DIVISION<br>:<br>: CASE NO. 2021-CA-00000730<br>:<br>:<br>:<br>:<br>: |

-------------------------------------------------------

### STIPULATED FINAL JUDGMENT OF FORECLOSURE

THIS ACTION came before the Court on the Parties' Joint Motion for Entry of a Stipulated Final Judgment of Foreclosure (the "Motion"). The Court having reviewed the Motion and the court file, and being fully advised in the premises, it is hereby ORDERED and ADJUDGED as follows:

1. The Motion is **GRANTED**. The Court hereby grants Final Judgment of Foreclosure in favor of Plaintiffs pursuant to the terms set forth below. Service of process has been duly and regularly obtained over Defendants, BVM The Bridges, LLC, BVM Coral Landing, LLC, and BVM Management Inc. (collectively, the "Defendants").

2. **Amounts Due.** There is due and owing to Plaintiffs, CPIF Lending LLC and U.S. Bank National Association, the following:

## Exhibit "A"

1095879449\1\AMERICAS

| | |
|---|---|
| Principal due on the Senior Secured Obligations and Subordinate Deferral Obligations | $18,472,154.41 |
| Interest owed on the Senior Secured Obligations and Subordinate Deferral Obligations through 3/27/2023 | $6,566,123.46 |
| CPIF Fee through 3/27/2023 | $2,560,286.96 |
| Exit Fee | $173,650.00 |
| Attorneys' Fees through 2/9/2022 | $316,105.00 |
| **GRAND TOTAL** | **$28,088,319.80** |

A Final Judgment was also sought in favor of Plaintiffs and against Defendants in the case styled <u>CPF Lending LLC, et al. v. BVM The Bridges, LLC, et al.</u>, Case No. 21-CA-005120, Circuit Court of the 13th Judicial Circuit in and for Hillsborough County, Florida (the "Hillsborough County Judgment"), for the amounts set forth in this paragraph. Plaintiffs are not entitled to double recovery on both this present judgment and the Hillsborough County Judgment. Accordingly, any recoveries obtained by Plaintiffs under this present judgment shall be credited against the Hillsborough County Judgment, and any recoveries obtained by Plaintiffs under the Hillsborough County Judgment shall be credited against this judgment.

3. **Interest.** The total sum referenced in Paragraph 2 shall bear interest from this date forward at the rate of interest set forth in section 55.03, Florida Statutes.

4. **Lien on Property.** Plaintiffs, CPIF Lending LLC, whose address is 1910 Fairview Ave E Suite 200, Seattle, WA 98102, and U.S. Bank National Association, as Master Trustee, whose address is 800 Nicollet Mall, Minneapolis, MN 55402, hold a lien for the grand total amount specified in Paragraph 2 and Paragraph 10 herein. The lien of the Plaintiffs is superior in dignity to any right, title, interest or claim of the Defendants and all persons, corporations, or other entities claiming by, though, or under the Defendants or any of them and the property will be sold free and clear of all claims of the Defendants, with the exception of any assessments that are superior

2

pursuant to sections 718.116 or 720.3085, Florida Statutes. Plaintiffs' lien encumbers the real and personal property located in St. Johns County, Florida and described as:

REAL PROPERTY DESCRIPTION:

**SEE ATTACHED EXHIBIT "A"**

PERSONAL PROPERTY DESCRIPTION:

**SEE ATTACHED EXHIBIT "B"**

5. **Sale of Property**. If the total sum with interest at the rate described in Paragraph 2 and all costs accrued subsequent to this judgment are not paid, the Clerk of the Court shall sell the subject property identified in Paragraph 4 to the highest bidder for cash at public sale on _____, 2023, at \_\_\_\_ A.M. after having first given notice as required by section 45.031, Florida Statutes. The judicial sale will be conducted electronically online at the following website: http://www.saintjohns.realforeclose.com. At least three (3) days prior to the sale, Plaintiffs must pay the costs associated with the Notice of Publication. The party or their attorney shall be responsible for preparing, in accordance with section 45.031(2), Florida Statutes, and submitting the Notice of Sale to a legal publication. The original Notice of Sale and Proof of Publication must be filed with the Clerk of the Circuit Court at least 24 hours prior to the scheduled sale date.

6. **Court Costs**. Plaintiffs shall advance all subsequent required costs of this action and shall be reimbursed for them by the Clerk if Plaintiffs are not the purchaser of the property for sale. If Plaintiffs are the purchaser, the Clerk shall credit Plaintiffs' bid with the total sum with interest and costs accruing subsequent to this judgment, or such part of it, as is necessary to pay the bid in full. If a third-party bidder is the purchaser, the third-party bidder must pay the documentary stamps attached to the certificate of title in addition to the bid.

7. **Additional Expenses, Fees and Costs**. If, subsequent to the entry of this final judgment, but prior to the actual sale date of the property, Plaintiffs incur additional expenses, fees or costs to protect their interest in the property after entry of this judgment including, but not limited to, real estate taxes, hazard insurance, property preservation, or other necessary costs, Plaintiffs may, by written motion served on all parties, seek to amend this final judgment to include such additional expenses, fees and costs. Such additional expenses, fees and costs shall be added to the "total sum due" in Paragraph 2 and shall be paid from the distribution of proceeds of the sale. A motion to amend the final judgment to include additional expenses, fees and costs must be filed not later than 15 days after entry of the judgment, pursuant to Florida Rule of Civil Procedure 1.530(g).

8. **Distribution of Proceeds**. On filing the Certificate of Title, the Clerk shall distribute the proceeds of the sale, so far as they are sufficient, by paying: first, all of the Plaintiffs' costs; second, documentary stamps affixed to the Certificate, unless the property is purchased by a third party bidder; third, Plaintiffs' attorneys' fees; fourth, the total sum due to Plaintiffs in Paragraph 2, less the items paid, plus interest at the rate prescribed in Paragraph 3 from this date to the date of the sale; and by retaining any remaining amount— the "surplus proceeds"—pending further Order of this court.

9. **Right of Redemption / Right of Possession**. On filing the Certificate of Sale, Defendants and all persons claiming under or against Defendants since the filing of the notice of lis pendens shall be foreclosed of all estate or claim in the property and Defendants' right of redemption as prescribed by section 45.0315, Florida Statutes, shall be terminated, except as to claims or rights under chapter 718 or chapter 720, Florida Statutes, if any. Upon the filing of the

Certificate of Title, the person named on the Certificate of Title shall be let into possession of the property.

10.     **Attorneys' Fees**. The court finds, based upon the affidavits presented and upon inquiry of counsel for the Plaintiffs, that <u>596.3</u> hours were reasonably expended by Plaintiffs' counsel and that an hourly rate of $600 is appropriate. PLAINTIFF'S COUNSEL CERTIFIES THAT THE ATTORNEY FEE AWARDED DOES NOT EXCEED ITS CONTRACT FEE WITH PLAINTIFFS. The court finds that there are no reduction or enhancement factors for consideration by the court pursuant to *Florida Patient's Compensation Fund v. Rowe*, 472 So. 2d 1145 (Fla. 1985). The attorneys' fees requested are less than 3% of the judgment amount, so they are presumed to be reasonable. *See, e.g.,* § 702.10(1)(a)(7), Fla. Stat.

11.     **Claims to Surplus Funds/Proceeds**.

    A.     **Generally**.

IF THIS PROPERTY IS SOLD AT PUBLIC AUCTION, THERE MAY BE ADDITIONAL MONEY FROM THE SALE AFTER PAYMENT OF PERSONS WHO ARE ENTITLED TO BE PAID FROM THE SALE PROCEEDS PURSUANT TO THIS FINAL JUDGMENT.

The funds remaining after payment of all disbursements required to be paid under this final judgment and shown on the certificate of disbursement are "surplus funds".

    B.     **Claim by Subordinate Lienholder.**

IF YOU ARE A SUBORDINATE LIENHOLDER CLAIMING A RIGHT TO FUNDS REMAINING AFTER THE SALE, IF ANY, YOU MUST FILE A CLAIM WITH THE CLERK NO LATER THAN THE DATE THAT THE CLERK REPORTS THE FUNDS AS UNCLAIMED. IF YOU FAIL TO FILE A TIMELY CLAIM, YOU WILL NOT BE ENTITLED

TO ANY REMAINING FUNDS. A subordinate lienholder is the holder of a subordinate lien as shown on the face of the pleadings as an encumbrance on the property. A subordinate lienholder includes, but is not limited to, a subordinate mortgage, judgment, tax warrant, assessment lien, or construction lien. A subordinate lienholder not shown on the face of the pleadings is not entitled to the surplus if it did not intervene in the action within 30 days after the recording of the notice of lis pendens. If your lien was paid in full from the proceeds of the sale, you have no claim to the surplus. One year after the sale, any surplus remaining with the Clerk of the Court must be remitted to the Department of Financial Services, as provided in section 45.032(3)(c), Florida Statutes.

12. **Assignment.** Plaintiffs may assign this Judgment and credit bid by the filing of an Assignment prior to the issuance of the certificate of title without further order of the Court.

13. **Jurisdiction Retained.** The court retains jurisdiction of this action to enter further orders or judgments that are proper, including, without limitation, orders amending this final judgment, orders disbursing the surplus proceeds, orders of re-foreclosure, orders authorizing writs of possession and an award of attorney's fees, to enter deficiency judgments if the borrower has not been discharged in bankruptcy, and to enforce the adequate protection ordered, if applicable.

IT IS ORDERED in St. Johns County, Florida this ____ day of _____, 2023.

_____
Hon. Howard M. Maltz

**Copies furnished to:**
All counsel of record
Megan Murray, Esq. (Counsel for Receiver)

# EXHIBIT A

## BVM CORAL LANDING, LLC PREMISES

CORAL LANDING: (ST. JOHNS COUNTY)

THE WEST HALF OF THAT PART OF THE SOUTH 139 FEET TO THE SOUTH 417 FEET OF THE NORTH HALF OF GOVERNMENT LOT 2, SECTION 6, TOWNSHIP 8 SOUTH, RANGE 30 EAST, ST. JOHNS COUNTY, FLORIDA, LYING BETWEEN THE WEST RIGHT OF WAY LINE OF US HIGHWAY NO.1 AND THE EAST RIGHT OF WAY LINE OF STATE ROAD NO. S-5A (OLD MOULTRIE ROAD); SAID WEST HALF BEING MORE FULLY DESCRIBED AS FOLLOWS:

COMMENCING AT THE INTERSECTION OF THE SOUTH LINE OF SAID NORTH HALF OF GOVERNMENT LOT 2 WITH THE WEST RIGHT OF WAY LINE OF US HIGHWAY NO. 1; THENCE DUE WEST ON SAID SOUTH LINE OF THE NORTH HALF OF GOVERNMENT LOT 2, A DISTANCE OF 595.05 FEET TO THE POINT OF BEGINNING AT THE SOUTHEAST CORNER OF THE HEREIN DESCRIBED PARCEL OF LAND; THENCE CONTINUING DUE WEST ON SAID SOUTH LINE OF THE NORTH HALF OF GOVERNMENT LOT 2, A DISTANCE OF 594 76 FEET; THENCE NORTH 00 DEGREES 10 MINUTES 10 SECONDS WEST, ON THE EAST RIGHT OF WAY LINE OF STATE ROAD NO. S-5A (OLD MOULTRIE) 139 FEET; THENCE DUE EAST, ON THE NORTH LINE OF SAID SOUTH 139 FEET OF THE SOUTH 417 FEET OF THE NORTH HALF OF GOVERNMENT LOT 2, A DISTANCE OF 595.15 FEET; THENCE DUE SOUTH 139 FEET TO THE POINT OF BEGINNING.

| STATE OF FLORIDA UNIFORM COMMERCIAL CODE FINANCING STATEMENT FORM | FLORIDA SECURED TRANSACTION REGISTRY |
|---|---|
| A. NAME & DAYTIME PHONE NUMBER OF CONTACT PERSON<br>Christopher M. Traber, Esq. 813/281-2222<br>B. Email Address<br>C. SEND ACKNOWLEDGEMENT TO:<br>Name  Christopher M. Traber, Esq.<br>Address  Nabors, Giblin & Nickerson, P.A.<br>Address  2502 Rocky Point Drive, Suite 1060<br>City/State/Zip  Tampa, Florida 33607 | **FILED**<br>2014 Oct 06 08:00 AM<br>****** 20140233574X ******<br><br>THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY |

**1. DEBTOR'S EXACT FULL LEGAL NAME** – INSERT ONLY ONE DEBTOR NAME (1a OR 1b) – Do Not Abbreviate or Combine Names

| 1.a ORGANIZATION'S NAME | | | |
|---|---|---|---|
| BVM Coral Landing, LLC | | | |
| 1.b INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| 1.c MAILING ADDRESS Line One<br>7320 E. 86th Street | This space not available. | | |
| MAILING ADDRESS Line Two<br>Suite 100 | CITY<br>Indianapolis | STATE  POSTAL CODE<br>IN      46256 | COUNTRY<br>USA |

**2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME** – INSERT ONLY ONE DEBTOR NAME (2a OR 2b) – Do Not Abbreviate or Combine Names

| 2.a ORGANIZATION'S NAME | | | |
|---|---|---|---|
| 2.b INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| 2.c MAILING ADDRESS Line One | This space not available. | | |
| MAILING ADDRESS Line Two | CITY | STATE  POSTAL CODE | COUNTRY |

**3. SECURED PARTY'S NAME** (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) – INSERT ONLY ONE SECURED PARTY (3a OR 3b)

| 3.a ORGANIZATION'S NAME | | | |
|---|---|---|---|
| U.S. Bank National Association, as Master Trustee | | | |
| 3.b INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| 3.c MAILING ADDRESS Line One<br>225 E. Robinson Street | This space not available. | | |
| MAILING ADDRESS Line Two<br>Suite 250 | CITY<br>Orlando | STATE  POSTAL CODE<br>FL      32801 | COUNTRY<br>USA |

4. This FINANCING STATEMENT covers the following collateral:

See Attached Exhibit A.

5. ALTERNATE DESIGNATION (if applicable):  ☐ LESSEE/LESSOR  ☐ CONSIGNEE/CONSIGNOR  ☐ BAILEE/BAILOR  ☐ AG LIEN  ☐ NON-UCC FILING  ☐ SELLER/BUYER

6. Florida DOCUMENTARY STAMP TAX – YOU ARE REQUIRED TO CHECK EXACTLY ONE BOX
   ☐ All documentary stamps due and payable or to become due and payable pursuant to s. 201.22 F.S., have been paid.
   ☒ Florida Documentary Stamp Tax is not required.

7. OPTIONAL FILER REFERENCE DATA
   c/m#919-00001 State Filing (BVM Coral Landing Master Indenture)

STANDARD FORM - FORM UCC-1 (REV.05/2013)    Filing Office Copy    Approved by the Secretary of State, State of Florida

## EXHIBIT A TO UCC-1

**DEBTOR:** BVM Coral Landing, LLC

**SECURED PARTY:** U.S. Bank National Association, as Master Trustee

All right, title and interest of the Debtor in the Trust Estate as provided in that certain Master Trust Indenture, dated as of July 1, 2014, as amended and supplemented (the "Master Trust Indenture") by and between the Debtor and the Secured Party as master trustee, to wit:

All revenue, accounts receivable, and Gross Revenues (as defined in the Master Trust Indenture) of the Obligated Group Members, including without limitation rights to receive payments from third party payors such as Medicare and Medicaid, but except and excluding all such items, whether now owned or hereafter acquired by the Obligated Group Members, which by their terms or by reason of applicable law would become void or voidable if granted, assigned, or pledged hereunder by the Obligated Group Members, or which cannot be granted, pledged, or assigned hereunder without the consent of other parties whose consent is not secured, or without subjecting the Secured Party to a liability not otherwise contemplated by the provisions hereof, or which otherwise may not be, or are not, hereby lawfully and effectively granted, pledged, and assigned by the Obligated Group Members, provided that the Obligated Group Members may subject to the lien hereof any such excepted property, whereupon the same shall cease to be excepted property; and

The land described on Schedule 1 hereto (the "Premises") and incorporated therein for all purposes, including, without limitation, all buildings, structures, fixtures, additions, enlargements, extensions, improvements, modifications or repairs now or hereafter located thereon or therein and with the tenements, hereditaments, servitudes, appurtenances, rights, privileges and immunities thereunto belonging or appertaining which may from time to time be owned by the Obligated Group Members, and all claims or expectancy, of, in and to the Premises, it being the intention of the parties hereto that, so far as may be permitted by law, all property of the character hereinabove described, which is now owned or is hereafter acquired by the Obligated Group Members (except the Excluded Property), and is affixed or attached or annexed to the Premises, shall be and remain or become and constitute a portion of the Premises, and the security covered by and subject to the lien of the Master Trust Indenture and the Mortgage; and

All of the rights, titles, interests and estates, now owned or hereafter acquired by the Obligated Group Members in and to any and all accounts, chattel paper, goods, documents, instruments, general intangibles, deposit accounts, investment property, equipment, inventory, fixtures, and any and all other personal property of any kind or

A-1

character defined in and subject to the provisions of the Florida Uniform Commercial Code, including the supporting obligations thereof, proceeds and products of and from any and all of such personal property used in connection with or arising out of the operation and use of the improvements located on the Premises and any substitutions or replacements therefor; and

Any amounts on deposit from time to time in any fund or account created under the Master Trust Indenture, subject to the provisions of the Master Trust Indenture permitting the application thereof for the purposes and on the terms and conditions set forth herein; and

Any and all property that may, from time to time hereinafter, by delivery or by writing of any kind, be subjected to the security interest hereof by the Obligated Group Members or by anyone on their behalf (and the Secured Party is hereby authorized to receive the same at any time as additional security hereunder), which subject to the security interest hereof of any such property as additional security may be made subject to any reservations, limitations, or conditions which shall be set forth in a written instrument executed by the grantor or the person so acting in its behalf or by the Secured Party respecting the use and disposition of such property or the proceeds thereof;

All capitalized terms not otherwise defined in this Exhibit A shall have the meaning assigned to such terms in the Master Trust Indenture. A copy of the Master Trust Indenture is on file with the Secured Party.

## SCHEDULE 1 TO EXHIBIT A

## LEGAL DESCRIPTION OF THE PREMISES

CORAL LANDING: (ST. JOHNS COUNTY)
THE WEST HALF OF THAT PART OF THE SOUTH 139 FEET TO THE SOUTH 417 FEET OF THE NORTH HALF OF GOVERNMENT LOT 2, SECTION 6, TOWNSHIP 8 SOUTH, RANGE 30 EAST, ST. JOHNS COUNTY, FLORIDA, LYING BETWEEN THE WEST RIGHT OF WAY LINE OF US HIGHWAY NO.1 AND THE EAST RIGHT OF WAY LINE OF STATE ROAD NO. S-5A (OLD MOULTRIE ROAD); SAID WEST HALF BEING MORE FULLY DESCRIBED AS FOLLOWS:
COMMENCING AT THE INTERSECTION OF THE SOUTH LINE OF SAID NORTH HALF OF GOVERNMENT LOT 2 WITH THE WEST RIGHT OF WAY LINE OF US HIGHWAY NO. 1; THENCE DUE WEST ON SAID SOUTH LINE OF THE NORTH HALF OF GOVERNMENT LOT 2, A DISTANCE OF 595.05 FEET TO THE POINT OF BEGINNING AT THE SOUTHEAST CORNER OF THE HEREIN DESCRIBED PARCEL OF LAND; THENCE CONTINUING DUE WEST ON SAID SOUTH LINE OF THE NORTH HALF OF GOVERNMENT LOT 2, A DISTANCE OF 594 76 FEET; THENCE NORTH 00 DEGREES 10 MINUTES 10 SECONDS WEST, ON THE EAST RIGHT OF WAY LINE OF STATE ROAD NO. S-5A (OLD MOULTRIE) 139 FEET; THENCE DUE EAST, ON THE NORTH LINE OF SAID SOUTH 139 FEET OF THE SOUTH 417 FEET OF THE NORTH HALF OF GOVERNMENT LOT 2, A DISTANCE OF 595.15 FEET; THENCE DUE SOUTH 139 FEET TO THE POINT OF BEGINNING.